UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

Ryan Vaughn                              :
3956 5th Ave                             :
Altoona, PA 16602                        :         # 3:23-CV-170
                    Plaintiff            :
v.                                       :
                                         :
Union Tank Car Company                   :
175 West Jackson Boulevard               :
Suite 2100                               :
Chicago, IL 60604                        :
                    Defendant(s)         :

# COMPLAINT

## PARTIES

1. Plaintiff, Ryan Vaughn, is an adult individual and resident of Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, Union Tank Car Company, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 601 Chestnut Avenue, Altoona, Pa 16601.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Commonwealth of Pennsylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in State of Illinois and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

5. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at 601 Chestnut Avenue, Altoona, Pa 16601, referred to hereinafter as "the premises."

6. As property owner, Defendant's responsibilities include the maintenance of the adjacent sidewalk.

7. On or about April 11, 2023, at approximately 7:00PM Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

9. On or about April 11, 2023, at approximately 7:00PM while on Defendants' premises, Plaintiff was caused to fall from their bicycle as they swerved, in an attempt to avoid a defective section of sidewalk, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently, recklessly and/or carelessly allowed and

permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

## COUNT I
### Ryan Vaughn v. Union Tank Car Company
### Premises Liability - Negligence

11. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

12. The negligence of Defendants consisted of, <u>inter alia,</u> the following:

    a.  Failure to properly maintain the sidewalk;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.  Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f.   Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    g.   Failure to provide adequate safeguards to prevent the injury to Plaintiff;

    h.   Failure to exercise the proper care, custody and control over the aforesaid premises.

13. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the carelessness, negligence and/or recklessness of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

18. WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

                                SIMON & SIMON, P.C.

        BY   /s/ Ryan M. Flaherty
                  Ryan Flaherty, Esquire
                  Simon & Simon, P.C.
                  500 Grant Street, Suite 2400
                  Pittsburgh, PA 15219
                  Telephone (412) 360-7257
                  Fax (267) 639-9006
                  ryanFlaherty@gosimon.com
                  Counsel for Plaintiff